# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-149V

| | |
|---|---|
| HYUNJI BEATRICE,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: June 27, 2024 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Elizabeth Andary*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION DISMISSING CASE**[1]

On January 6, 2021, Hyunji Beatrice filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of her August 21, 2019 human papillomavirus ("HPV" or "Gardasil") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

### I.     Relevant Procedural History

As noted above, the case was initiated in January 2021. Following activation from the Pre-Assignment Unit in September 2023 (ECF No. 47), I directed Petitioner to submit any updated medical records and a status report describing her current condition, whether she is still treating for her alleged vaccine-related injury, and whether this case involves a Medicaid lien, a claim for lost wages, a workers' compensation claim, and/or out-of-pocket expenses. ECF No. 50.

In response, Petitioner submitted two motions for extensions of time to submit the requested information and any updated medical records. ECF Nos. 51-52. In support of these requests, counsel for Petitioner stated that she has continuously tried to contact Petitioner "but has yet to hear back from her." *See id.* Petitioner's motions for extensions of time were granted. Non-PDF Orders, docketed Mar. 5, 2024, Mar. 28, 2024. On April 29, 2024, Petitioner filed a status report again stating that counsel has yet to hear back from Petitioner and requesting a status conference to discuss further proceedings. ECF No. 53.

On May 16, 2024, after a review of the record, I issued an Order to Show Cause, instructing Petitioner to file a response to my Order explaining why her claim should not be dismissed for failure to prosecute, and to provide other information in regard to her claim by no later than June 17, 2024. Order to Show Cause at 2, ECF No. 54. Petitioner has not filed a response to my Order to Show Cause.

### II.    Failure to Prosecute

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my May 16, 2024 Order to Show Cause, that her failure to follow orders issued in this matter (and specifically in this case the failure to communicate with her counsel) risked dismissal of the claim. Because Petitioner has disregarded my orders, without justification or explanation, dismissal is now appropriate.

### III.     Conclusion

Petitioner has failed to communicate with her counsel and to prosecute her claim. She has failed to provide the information necessary to proceed with her claim or respond to my May 16, 2024 Order to Show Cause.

**Accordingly, this case is DISMISSED for failure to prosecute**. Petitioner's counsel shall provide a copy of this Decision to Petitioner by regular, certified, and electronic mail. The clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.