# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0149V

|  |  |
|---|---|
| HYUNJI BEATRICE, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 10, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, Hyunji Beatrice filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of a human papillomavirus ("HPV") vaccine she received on August 21, 2019. Petition at 1.

Although the claim was unsuccessful, I find it possessed sufficient reasonable basis to permit an award of attorney's fees. But a reduction in the amount of fees and costs to be awarded is appropriate, for the reason stated below.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I.    Relevant Procedural History

Due most likely to the then-potential removal of SIRVA from the Vaccine Program's injury table,[3] and the concomitant need to act quickly, Ms. Beatrice initially filed a cursory petition accompanied by some of the medical records required under the Vaccine Act. Exs. 1-5; *see* Section 11(c). Ultimately requiring subpoena authority in certain instances, she provided her sworn declaration[4] and remaining medical records over the subsequent 32-month period. Exs. 6-11, ECF Nos. 10, 16, 29, 45. On September 25, 2023, the case was activated and assigned to the "Special Processing Unit" (OSM's adjudicatory system for resolution of cases deemed likely to settle). ECF No. 47.

While awaiting Respondent's medical review, I instructed Petitioner to file updated medical records and a status report regarding her current condition and types of compensation which may be included in her demand (for example, whether the case involved a workers compensation claim or a Medicaid lien). Order, issued January 25, 2024 (ECF No. 50). Approximately three months later, counsel informed me that she had lost contact with Petitioner. ECF No. 53. After allowing additional time and giving Petitioner one last chance to contact counsel (ECF Nos. 52, 54), I dismissed the claim for failure to prosecute on June 27, 2024 (ECF No. 56).

On October 21, 2024, Petitioner filed a request for an award of $17,626.50 in attorney's fees and costs. Motion for Attorney's Fees and Costs, ECF No. 61. The Motion did not address the additional requirements of good faith and reasonable basis applicable in non-compensated cases. Section 15(e)(1).

Respondent reacted to the Motion on February 16, 2024. ECF No. 62. Although he also failed to specifically address good faith and reasonable basis, he stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent asks that I "exercise [my] discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. And Petitioner filed no reply

---

[3] On July 20, 2020, the Secretary of Health and Human Services proposed the removal of SIRVA from the Vaccine Injury Table. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Proposed Rule, 85 Fed. Reg. 43794 (July 20, 2020). The proposed rule was finalized six months later. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 86 Fed. Reg. 6249 (Jan. 21, 2021). Approximately one month later, the effective date for the final rule was delayed. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 86 Fed. Reg. 10835 (Feb. 23, 2021) (delaying the effective date of the final rule until April 23, 2021). On April 22, 2021, the final rule removing SIRVA from the Vaccine Table was rescinded. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Withdrawal of Final Rule, 86 Fed. Reg. 21209 (Apr. 22, 2021).

[4] The declaration was signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Ex. 11, ECF No. 45.

thereafter.

## II.    Reasonable Basis

### A.    Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[5] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981,

---

[5] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement  . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B.    Existence of Reasonable Basis

Ms. Beatrice provided sufficient medical records to establish that she received the HPV vaccine as alleged (Ex. 1 at 9-10), complained of left shoulder pain approximately one month later that she attributed to the vaccination (Ex. 2 at 15), and continued to experience symptoms more than six months post-vaccination (Ex. 5 at 6). Although Petitioner later described a pain onset that differed slightly – immediate pain as opposed to shoulder pain within two days - this difference could be adequately addressed in subsequent filings. *Compare* Ex. 11 at ¶ 4 *with* Petition at ¶ 6; Ex. 5 at 6. And a pain onset two days post-vaccination still could be sufficient to establish the 48-hour pain onset required for a Table SIRVA (if not a non-Table claim as well).[6]

---

[6] Pursuant to the Qualifications and Aids to Interpretation ("QAI"), a pain onset within 48 hours of vaccination is required for all Table SIRVA claims. 42 C.F.R. § 100.3 (c)(10(ii) (2017).

More troubling, however, was the lack of medical records or other evidence regarding Petitioner's prior condition. *See* Section 11(c)(2) (requiring medical records from treatment prior to vaccination). Petitioner provided only one record showing treatment for a right knee injury suffered in 2018. *See* Ex. 7 at 15. And a review of the PAR Questionnaire submitted in this case shows Petitioner listed only medical providers who treated her post-vaccination. ECF No. 17.

Still, there is no entry in the filed medical records identifying a potential issue related to Petitioner's prior condition.[7] Her past surgical history lists only the removal of a foreign body from her forearm and wrist, with no designation as to which side. Ex. 7 at 25. And left shoulder x-rays taken on October 25, 2019, reveal no potential alternative causes for Petitioner's symptoms. *Id.* at 28; *see* 42 C.F.R. § 100.3 (c)(10(iv) (the QAI criterion requiring the lack of a viable alternative cause).

Thus, I find Petitioner has satisfied the far lower standard of reasonable basis - despite the lack of prior medical records. And there is no other basis for a denial of fees. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## III.    Appropriate Amount to be Awarded

### A.    Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[7] 42 C.F.R. § 100.3 (c)(10(i) (the QAI criterion requiring the lack of a prior condition which would explain a petitioner's symptoms).

### B.     Attorney's Fees and Costs

The billing records reveal Petitioner is requesting fees calculated using hourly rates previously approved for all attorneys and paralegals performing work in this case. ECF No. 61 at 4-15. And she provided supporting documentation for all claimed costs (except $25.96 in postage costs, although I nevertheless will allow that amount since it is *de minimis* and reasonable). *Id.* at 16-32.

However, I find a reduction regarding the number of hours to be reimbursed is warranted. The billing records reveal Petitioner first contacted Petitioner's counsel's law firm in late 2019, and paralegals attempted to complete the PAR questionnaire from May through August 2020. *Id.* at 5. During the subsequent year, efforts were made to collect Petitioner's medical records, and despite lacking any entry related to prior medical treatment, the PAR Questionnaire was filed on August 12, 2021. *Id.* at 5-8. However, the billing records contain no entries after those dated August 2020, showing attempts to obtain from Petitioner further information related to her prior treatment.

It appears Petitioner's counsel did not question the lack of *prior* medical treatment reflected in the PAR Questionnaire until late May 2022 (*id.* at 11) - more than 30 months after Petitioner's initial contact and 16 months after the claim was initiated. Prior to that date, numerous hours were expended on the collection of post-vaccination medical records and requests for additional time. Although Petitioner's counsel may have assumed these later medical records would contain information related to Petitioner's prior condition, this assumption would not excuse the lack of any effort to obtain information related to prior medical treaters or the corresponding medical records until May 2022. To counter the inefficiency that resulted from this failure, I will reduce number of billed hours and thus, corresponding fees by *ten percent*.[8] **This results in a reduction of $1,662.00.[9]**

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1).

---

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: $16, 620.00 x .10 = $1,662.00.

Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$15,964.50 (representing $14,958.00 in fees and $1,006.50 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.